UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARISSA GORRIE-PRESIDENT,<br><br>                Plaintiff,<br><br>       -against-<br><br>A.D., A MINOR; ALI FORNEY CENTER;<br>NEW YORK CITY FAMILY COURT JUDGE<br>AMANDA WHITE; CLARITZA GARCIA,<br>ACS NEW YORK CITY SUPERVISOR,<br><br>                Defendants. | 25-CV-5358 (LLS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendants violated her parental rights.[1] By order dated September 16, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff submitted the complaint in this action without a signature. By order dated July 2, 2025, the Chief Judge Laura Taylor Swain directed Plaintiff to submit an original signature, which she did on August 7, 2025. (ECF 5.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of Brockton, Massachusetts, invokes the court's federal question jurisdiction, alleging that Defendants violated her "parental rights." (ECF 1, at 2.) Plaintiff sues A.D., who appears to be her minor son;[2] New York City Family Court Judge

---

[2] Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that court submissions that refer to a minor child do so only by using the child's name's initials, not the child's full name. Fed. R. Civ. P. 5.2(a)(3). In her complaint and IFP application, Plaintiff reveals her minor son's full name. In abundance of caution, the Court has directed the Clerk of Court to change

Amanda White; the Ali Forney Center, which is a shelter for LGBTQ+ youth; and New York City Administration for Children's Services ("ACS") social worker Claritza Garcia.

The following allegations are drawn from the complaint.[3] On June 23, 2025, Plaintiff filed "a writ," presumably in the New York City Family Court, requesting that her 16-year-old child be returned to Massachusetts. (*Id.* at 5.) Defendants "were made aware of [her] son's mental health conditions and missing person status." (*Id.*) Plaintiff alleges that Garcia "reported [her] son was trafficked to nyc." (*Id.*) The Ali Forney Center "contacted Brockton [Massachusetts] police and requested legal advice on where to send [A.D.]." (*Id.*)

On June 25, 2025, Plaintiff drove to New York for a court hearing. Garcia "signed a court screening . . . with no supporting cause for [A.D.] to stay in New York." (*Id.*) At the hearing, A.D. "denied having mental health issues" and said he "just wants to stay." (*Id.*) Judge White dismissed Plaintiff's writ and "referred back to jurisdiction." (*Id.* at 6.)

Plaintiff seeks an order directing that her child "be returned to Massachusetts to legal guardian." (*Id.*)

## DISCUSSION

### A.   Claims against Judge White

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

---

references to Plaintiff's son on the docket to use his initials only and to restrict electronic access to those submissions to court employees only. Plaintiff should ensure that any further submissions to the court refer to her minor son only by his initials.

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Plaintiff fails to allege any facts showing that Judge White acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 502 U.S. at 11-12. Instead, Plaintiff challenges actions that Judge White took in a case before her. Because Plaintiff sues Judge White for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff seeks injunctive relief, but she alleges no facts suggesting that Judge White violated a declaratory decree, declaratory relief was unavailable, or that an appeal is unavailable.

4

The Court therefore dismisses Plaintiff's claims for injunctive relief against Judge White under the doctrine of judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against the A.D. and Ali Forney Center**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

A.D. and the Ali Forney Center are private parties, and Plaintiff has not alleged that these defendants work for any state or other governmental body. Although there are limited circumstances in which a private actor can be deemed a state actor for Section 1983 purposes,[4] providing emergency housing and related support services is not one of those circumstances. *See Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, *4 (E.D.N.Y. Mar. 4, 2020) ("[T]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors." (internal quotation marks and citation omitted)); *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3

---

[4] Those limited circumstances include where (1) the nominally private entity acts "pursuant to the 'coercive power' of the state or is 'controlled' by the state"; (2) the state encourages, or the entity willfully participates, in a joint activity with the state, or the "entity's functions are 'entwined' with state policies"; or (3) the entity "has been delegated a public function by the [s]tate." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d. Cir. 2008) (per curiam) (quoting *Brentwood Acad.*, 531 U.S. at 296)).

5

(E.D.N.Y. Jan. 14. 2009) ("The Salvation Army is a private organization, and its staff members are not 'state actors.' . . . . [The plaintiff] cannot show that the shelter or the organization [is] performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability.").[5]

Plaintiff therefore cannot state a Section 1983 claim against A.D. and the Ali Forney Center, and the Court dismisses the claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Procedural due process

The Court interprets Plaintiff's complaint as attempting to assert a claim under Section 1983 that she was denied her constitutional right to procedural due process when she lost custody of her son. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and

---

[5] Plaintiff does not allege any facts suggesting that the Ali Forney Center is a foster care agency or that it currently has custody of A.D. Nor does the Ali Forney Center's website indicate that it provides foster care services. *See* https://www.aliforneycenter.org/ (last viewed Sept. 29, 2025). In *Perez v. Sugarman*, the Second Circuit held that private foster care agencies perform the "public function" of "accepting and retaining custody of children alleged to have been 'neglected' or 'abandoned,'" and that they are therefore "state actors" for purposes of Section 1983. 499 F.2d 761, 765 (2d Cir. 1974); *see K.S. City of New York*, No. 21-CV-4649 (PAC), 2023 WL 6608739, at *10-11 (S.D.N.Y. Oct. 10, 2023) (*Perez's* holding is still good law). If Plaintiff has facts demonstrating that the Ali Forney Center is a foster care agency, and, therefore a state actor, she may allege those facts and reassert her claims against it in an amended complaint.

the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a liberty interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-39 (1990); *Hudson*, 468 U.S. at 533. Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Id.* at 113.

The right of family integrity is a liberty interest protected by the procedural due process protections of the Fourteenth Amendment. *See Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2012); *D.J.C.V. v. United States,* 605 F. Supp. 3d 571, 591-92 (S.D.N.Y. 2022); *Grullon v. Admin. For Children's Servs.*, No. 18-CV-3129 (LJL), 2021 WL 981848, at *5 (S.D.N.Y. Mar. 16, 2021). "As a general rule . . . [unlike in instances of random and unauthorized deprivations of a liberty interest,] before parents may be deprived of the care, custody, or management of their children without their consent, due process—ordinarily a court proceeding resulting in an order permitting removal—must be accorded to them." *Tenenbaum v.*

*Williams*, 193 F.3d 581, 593 (2d Cir. 1999) (emphasis added). "However, in emergency circumstances, a child may be taken into custody by a responsible State official without court authorization or parental consent." *Nicholson v. Scoppetta*, 344 F.3d 154, 171 (2d Cir. 2003) (internal quotation marks and citation omitted); *Southerland*, 680 F.3d at 142.

Here, Plaintiff does not allege sufficient facts to state a claim that she was deprived of procedural due process with regard to what she alleges is loss of custody of her son. She does not allege sufficient facts describing the circumstances in which A.D. was allegedly removed from her custody. She does not specify: (1) who initiated any child custody proceedings; (2) whether her son was removed from her custody following a full child custody proceeding in the New York Family Court;[6] (3) if her son was removed after a custody proceeding, the circumstances and specific decision of the hearing – for example, who was granted custody of Plaintiff's son and on what grounds – and whether Plaintiff sought any further judicial review (*e.g.*, an appeal) thereafter; and (4) why any procedural due process afforded her was inadequate. Because Plaintiff's allegations are insufficient, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to replead these claims in a second amended complaint in which she alleges facts sufficient to state such a claim of a procedural due process violation against an individual state or local government official.

**D.  Substantive due process**

The Court also understands Plaintiff's amended complaint and supplements as asserting claims of violations of Plaintiff's right to substantive due process arising from what appears to

---

[6] Plaintiff's allegation that she filed a "writ" and attended a single hearing during which that writ was denied suggests that her son may have been the subject of a broader child custody proceeding.

the loss of Plaintiff's custody of her son. The complaint suggests that New York Family Court proceedings have taken place regarding Plaintiff's continued custody of her son.

The substantive component of the Due Process Clause of the Fourteenth Amendment "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Among these rights and liberty interests are:

> [t]he right of [a] family to remain together without the coercive interference of the awesome power of the state. This right to the preservation of family integrity encompasses the reciprocal rights of both parent and children. It is the interest of the parent in the companionship, care, custody and management of his or her children, and of the children in not being dislocated from the emotional attachments that derive from the intimacy of daily association.

*Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir. 1977) (internal quotation marks and citations omitted); *see Tenenbaum v. Williams*, 193 F.3d 581, 600 (noting that families have "a substantive right under the Due Process Clause to remain together without the coercive interference of the awesome power of the state" (internal quotation marks and citation omitted)). Thus, parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a child's removal. *Southerland*, 680 F.3d at 142 (internal quotation marks and citation omitted). This right to family integrity "'does not[,] [however,] automatically override the sometimes competing' government interest in protecting children, . . . particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 367 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)), *aff'd sub nom.*, *E.D. & A.D. ex rel. Demtchenko v. Tuffarelli*, 408 F. App'x 448 (2d Cir. 2011) (summary order).

To state a claim for a violation of this substantive due process right, "a plaintiff must demonstrate that the state action depriving [her] of custody was so shocking, arbitrary, and

9

egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (internal quotation marks and citation omitted). "It is not enough that the government act be incorrect or ill-advised; it must be conscience-shocking." *Id.* (internal quotation marks and citation omitted). Thus, "[o]nly the most egregious official conduct can be said to be arbitrary in th[is] constitutional sense and therefore unconstitutional." *Id.* (internal quotation marks and citation omitted). In addition, "a claim under the Due Process Clause for infringement of the right to familial associations requires the allegation that state action was specifically intended to interfere with the family relationship." *Gorman v. Rensselaer Cnty.*, 910 F.3d 40, 48 (2d Cir. 2018). "Common negligence is categorically insufficient to shock the conscience, so [a] parent[] must raise an inference that [the defendants] acted maliciously before [an allegation] can even begin to support a violation of substantive due process." *Cox*, 654 F.3d at 276. The "mere failure to meet local or professional standards, without more, should not generally be elevated to the status of [such a] constitutional violation." *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 106 (2d Cir. 1999) (citation omitted). Thus, courts have imposed liability only for "'obvious extremes,'" such as manufacturing evidence or ignoring exculpatory information. *Tuffarelli*, 692 F. Supp. 2d at 360 (quoting *Wilkinson*, 182 F.3d at 104).

Plaintiff's allegations are insufficient to show that Garcia (or anyone else) violated her substantive due process right to family integrity. As an initial matter, it is unclear from the complaint whether Plaintiff was denied custody of her 16-year-old son. Plaintiff alleges that her son was "trafficked" from Massachusetts to New York, she filed a "writ" for her son's return to Massachusetts, and at a hearing on that writ, Garcia "signed a court screening . . . with not supporting cause" for A.D. to stay in New York. (ECF 1, at 5.) Plaintiff alleges that Judge White

"dismissed" her writ, and confusingly, "referred back to jurisdiction." (*Id.* at 6.) She asserts that her parental rights were "terminated," but she alleges no facts about where, when, and by whom her parental rights were terminated or who was granted custody of A.D. (*Id.*) It is therefore unclear whether Plaintiff was denied custody of her son.

Even if the Court assumes that Plaintiff was denied custody of A.D., Plaintiff alleges no facts suggesting that Garcia, or anyone, engaged in conduct so "egregious" or "conscience-shocking" so as to violate her right to substantive due process. *Cox*, 654 F.3d at 275. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead her substantive due process claims in an amended complaint in which she alleges facts sufficient to state such a claim against an individual state or local government official.

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that

amendment would be futile, the Court grants Plaintiff 30 days' leave to amend her complaint to cure the deficiencies identified above.[7]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## PRO SE LAW CLINIC

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept

---

[7] If Plaintiff files an amended complaint, she must allege facts demonstrating that her claims are not barred by the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). *Younger* abstention also applies to state civil proceedings "akin to criminal prosecutions," which includes state-initiated proceedings to gain custody of children allegedly abused by their parents. *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citing *Moore v. Sims*, 442 U.S. 415, 419–420 (1979)). *Younger* abstention therefore bars the Court from issuing injunctive relief that would cause the Court to intervene in any state court custody proceeding. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (internal quotation marks and citation omitted). Thus, this Court may not overturn any final state court judgment awarding custody of A.D.

filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for the reasons set forth above, with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 23, 2025
         New York, New York

                                            _____
                                            LOUIS L. STANTON
                                            U.S.D.J.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)